IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 1:96-CR-54-3-MJT |
| v. § | |
| § | |
| § | |
| JYI R. MCCRAY § | |
| § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The Defendant, Jyi R. McCray ("McCray"), filed a *pro se* "Motion for Want of Subject Matter Jurisdiction and Actual Factual Innocent of the Sentences of 924(c) Imposed" on May 12, 2011. (Doc. #547.) The Government filed a response on October 6, 2022. (Doc. #707.) Pursuant to 28 U.S.C. § 636(b), the Local Rules for the United States District Court for the Eastern District of Texas, and a specific referral order dated August 24, 2023 (doc. #716), this motion is before the undersigned United States magistrate judge for review and submission of a report with recommended findings of fact and conclusions of law.

I. BACKGROUND

On May 16, 1996, McCray was indicted on four counts of 18 U.S.C. § 1951 (Interference with Commerce by Threats or Violence) and three counts of 18 U.S.C. § 924(c) (Possession of a Firearm in Relation to a Crime of Violence). (Doc. #1.) The underlying facts for these crimes include numerous robberies or attempted robberies of food establishments and an auto part store during a four-month period from March to June 1994. (*Id.*)

On November 8, 1996, a jury convicted McCray on Counts One, Two, Three, Fourteen, Fifteen, Sixteen, and Seventeen of the Indictment. (Doc. #322.) On February 19, 1997, the court sentenced McCray to 87 months on Counts One, Two, Fourteen, and Sixteen; 60 months on Count

Three to be served consecutively; and 240 months on Counts Fifteen and Seventeen to be served consecutively. (Doc. #375.)

On June 27, 2016, McCray filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, creating a new civil action under cause number 1:16-CV-251. McCray's motion was subsequently denied on May 14, 2019, because it was meritless and a successive claim absent authorization from the Fifth Circuit. *See McCray v. United States*, No. 1:16-CV-251 (E.D. Tex. May 14, 2019) (Doc. #13). McCray appealed the order denying his relief, and his appeal was denied on April 23, 2020. *Id.* at Doc. #25.

## II. DISCUSSION

A person in custody under a federal sentence may move the court which imposed the sentence to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). Thus, a section 2255 motion is the proper vehicle for what McCray is now asserting in his pending motion. *See United States v. Scruggs*, 714 F.3d 258, 265 (5th Cir. 2013) (considering a claim of lack of subject matter jurisdiction and actual innocence in a 2255 civil action on appeal).

However, as the court previously ruled in cause number 1:16-CV-251, successive motions under section 2255 are not allowed unless permission from the Fifth Circuit is sought and obtained. *See McCray v. United States*, No. 1:16-cv-251 (E.D. Tex. May 14, 2019) (Doc. #13); 28 U.S.C. § 2255(h). McCray has already filed a 2255 civil action concerning his 1996 conviction under cause

2

number 1:16-CV-251, which the court has ruled on. Further, the court cannot construe his current pending motion as a claim pursuant to 28 U.S.C. § 2241 and re-file it as such, because he is still currently confined in a penitentiary outside this district and state.[1] A section 2241 habeas petition must be filed in the district where the petitioner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) ("To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian."). McCray should seek habeas relief in the proper district. Accordingly, Defendant's motion should be DENIED.

### III. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); E.D. Tex. Crim. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–

---

[1] McCray's last court filing on October 11, 2022, shows that he is housed in a Federal Correctional Institution in Yazoo City, Mississippi. (Doc. #710.)

77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 2nd day of October, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE