**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § § | **CASE NUMBER 1:96-CR-54-3-MJT** |
| **JYI R. MCCRAY** | § § § § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pending before the undersigned is a *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 (doc. #577) filed by the Defendant, Jyi R. McCray ("McCray").[1] McCray requests a sentence reduction pursuant to 18 U.S.C. § 3582(c). He is currently serving a 627-month sentence for violations of 18 U.S.C. § 1951 (Interference with Commerce by Threats or Violence) and 18 U.S.C. § 924(c) (Possession of a Firearm in Relation to a Crime of Violence). (Doc. #375.) The United States filed a response to the Defendant's motion. (Doc. #706.) After reviewing all applicable facts and law, the undersigned recommends that the Defendant's motion be denied.

### I.   ISSUE PRESENTED

McCray argues that he should receive sentence reduction pursuant to 18 U.S.C. 3582(c)(2) because Amendment 599 applies in his case to eliminate application of the two-level enhancement for firearm possession since he was also convicted under 18 U.S.C. 924(c), which thereby reduces

---

[1] This motion is referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. *United States v. Raddatz*, 447 U.S. 667, 681-84 (1980); *see also* 28 U.S.C. § 636(b)(1)(B) and E.D. TEX. LOCAL R. CR-59(a); Doc. #716.

his offense level and sentencing range. He asserts that without the two-level enhancement under United Sentencing Guideline 2d1.1(b), he would have a lower offense level and sentencing range.

The Government does not address the Defendant's argument regarding Amendment 599, and instead responds stating that the First Step Act amendment to section 924(c) is not retroactive, so it is not applicable to defendants, like McCray, who were sentenced prior to its enactment. In addition, the Government asserts that this change in the law is not a "extraordinary and compelling" reason justifying a sentence reduction under the first section of 18 U.S.C. 3582(c)(1) dealing with compassionate release.

The Probation Department provided a memorandum to the court on May 31, 2023, stating that a two-level enhancement under "2d1.1(b)" for possessing a firearm was not applied in the 1996 presentence report nor utilized for guideline purposes. The department further asserted that for compassionate release, while a court may consider nonretroactive sentencing changes in the law as a factor in reducing a defendant's sentence, the court should also consider McCray's conduct while incarcerated, including his 40 disciplinary sanctions.

## II.   DISCUSSION

18 U.S.C. § 3582(c)(2) states: "The court may not modify a term of imprisonment once it has been imposed except: ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o)." The lower guideline range must be via a retroactively applicable amendment to the sentencing guidelines. *United States v. Dixon*, 808 F. App'x 221, 223 (5th Cir. 2020) (citing *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009)). The court then determines whether: 1) the defendant is eligible for a reduction because the new range would actually lower the defendant's guideline range; and 2) the reduction is warranted in the court's

2

discretion considering the factors set forth in 18 U.S.C. § 3553 and any applicable policy statements. *Id.* The applicable policy statement, § 1B1.10, provides that the amendment must be one listed in § 1B1.10(c). *United States v. Bowman*, 632 F.3d 906, 910 (5th Cir. 2011). Amendment 599 is listed in this section. *Id.*

Amendment 599[1] became effective in 2000, and it amended an application note of the commentary to section 2K2.4 of the sentencing guidelines. *Id.* Prior to the amendment, the existing rule prohibited an increase in the offense level for possessing or using firearms for an offense in conjunction with a sentence for an underlying offense. *Id.* After Amendment 599, that general rule prohibiting a weapons enhancement on a sentence for an underlying violent crime when there is also a 924(c) sentence still exists. *Id.* (citing *United States v. Issac*, 396 F. App'x 55 (5th Cir. 2010)). Amendment 599 merely altered and clarified the text of the application note by prohibiting the application of a weapons enhancement, not just to the underlying section 924(c) offense, but also to conduct underlying a separate offense that is "within the scope of relevant conduct for the underlying section 924(c) offense." *Dixon*, 808 F. App'x at 224.

In *Bowman*, the Fifth Circuit considered a similar issue that McCray is arguing here. *Bowman*, 632 F.3d at 910. The court found that because this general rule was already in place when the defendant was sentenced in 1996, prior to Amendment 599 (effective in 2000), this amendment did not actually lower the defendant's guideline range so a reduction under 3582(c)(2) is not applicable. *Id.* The court also noted that a weapon enhancement was not actually given to the defendant. *Id.* His enhancement was instead done pursuant to section 2A3.1(b)(1) based upon aggravated sexual abuse—a force independent of the display of the gun. *Id.*

---

[1] Amendment 599 and U.S.S.G. § 2K2.4 specifically apply to convictions under 18 U.S.C. §§ 844(h), 924(c) and 929(a). *United States v. Harcourt*, 363 F. App'x 296, 298 (5th Cir. 2010).

Here, McCray cites to paragraphs 52, 58 and 64 of his PSR for the two-level enhancement. (Doc. #577, at 4.) These paragraphs increased McCray's offense level under section 2B3.1, which deals with the offense level and adjustments for the crime of robbery. Paragraph 52 increased the offense level pursuant to 2B3.1(b)(4)(B) for physically restraining a victim by having a firearm held to her. (Doc. #373, at 11.) Paragraph 58 increased the offense level pursuant to 2B3.1(b)(4)(B) for physically restraining a victim by placing a knife on her throat. (*Id.* at 12.) Paragraph 64 increased the offense level pursuant to 2B3.1(b)(4)(B) for physically restraining a victim by holding him around his neck. (*Id.*) These enhancements were not in violation of the rule in the application notes for section 2K2.4 prohibiting a weapon enhancement for 924(c) sentences done in conjunction with a sentence for an underlying offense. Instead, they were for physically restraining the victims to facilitate commission of the offense—not a weapons enhancement. *See Issac,* 396 F. App'x at 57 (denying sentence reduction and finding Amendment 599 inapplicable where section 2B3.1 enhancements were given).

The Tenth Circuit, in *United States v. Pearson*, 211 F.3d 524, 525 (10th Cir. 2000), considered this very issue. In that case, the defendant was convicted under § 924(c) and also for the underlying offense of bank robbery. *Pearson*, 211 F.3d at 525. For the bank robbery conviction, the district court applied a two-level enhancement under § 2B3.1(b)(4)(B) for physically restraining bank personnel with a gun during the commission of the bank robbery. *Id.* The court determined that the enhancement was not precluded by the commentary to § 2K2.4 because "physical restraint with a gun is conduct distinct from either the actual discharge, 'otherwise use,' or brandishing, display or possession of a gun, as contemplated by § 2B3.1(b)(2)(A)-(F) and [the commentary note]." *Id*. at 526; s*ee also United States v. Payne*, No. 04-CR-0021-003-CVE, 2010 WL 234818, at *2 (N.D. Okla. Jan. 14, 2010) ("The § 2B3.1(b)(4)(B)

4

enhancement for restraint of victims by use of a firearm, and the § 2B3.1(b)(6) increase for taking of firearms during a robbery are outside the § 2K2.4 prohibition for enhancing weapon use. Thus, these sentence increases do not constitute 'double counting' and are permissible enhancements."); s*ee also United States v. Terrell*, 608 F.3d 679, 683 (10th Cir. 2010) (holding that the number of weapons involved in the underlying offense to a § 924(c) conviction is a separate type of offense conduct than that punished by § 924(c) itself); *but see United States v. Franks*, 230 F.3d 811, 814 (5th Cir. 2000) (finding that an express threat of death with a firearm may not be used to enhance a sentence under § 2B3.1(b)(2)(F) when also convicted of a violation of § 924(c) if the threat of death is related to "the possession, use, or discharge" of the firearm for which he was convicted under § 924(c)).[2]

As to the arguments raised by the Government and Probation regarding compassionate release, this issue was not raised by McCray. Moreover, release pursuant to section 3582(c)(1)(A) may only be pursued by first submitting a request to the prison facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Here, McCray has not submitted any evidence that he has met this requirement. Nor has he submitted any evidence of any "extraordinary and compelling reasons" that may merit compassionate release.

### III. RECOMMENDATION

For the reasons discussed herein, the undersigned recommends that McCray's motion for reduction of sentence be denied.

---

[2] *Franks* is inapplicable here because there was no enhancement given based upon a death threat pursuant to § 2B3.1(b)(2)(F).

## IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 2nd day of October, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE